IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBEKE M. AWALA,           )<br>                             )<br>        Plaintiff,        )<br>                             )<br>   vs.                      )<br>                             )<br>CHIEF JUSTICE JOHN G. ROBERTS, et )<br>al,                          )<br>                             )<br>        Defendants.         )<br>_____) | No. C 07-0179 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, apparently an inmate incarcerated at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint is largely unintelligible, but appears to be related to political concerns related to the "Iraq war and war on terrorism." The complaint fails to state a claim upon which relief will be granted and will be dismissed.

## DISCUSSION

Plaintiff's complaint is incomprehensible. Plaintiff apparently seeks to sue various politicians and judges for reasons that cannot be determined from the face of the complaint. Although the complaint is lengthy, it is extremely disjointed and does not establish any legal or factual bases for a civil rights action. Therefore, the complaint will be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Complaint

In this case, Plaintiff has sued multiple politicians and judges. However, Plaintiff's complaint fails to set forth any comprehensible allegations from which the Court can discern a legitimate basis for his complaint.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2).

A dismissal as legally frivolous is proper only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324-28. A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). The Court is unable

to ascertain a cognizable federal claim from Plaintiff's incomprehensible complaint. Moreover, it appears that most of the named Defendants are immune from suit. *See, Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (federal judge is absolutely immune from civil liability for acts performed in his judicial capacity); *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998) (legislators are entitled to absolute immunity from civil liability for their legislative functions).

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: January 22, 2007

JEFFREY S. WHITE
United States District Judge

3