IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBEKE M. AWALA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHIEF JUSTICE JOHN G. ROBERTS, et al,<br><br>　　　　Defendants. | No. C 07-0179 JSW (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Docket No. 6) |

　　　　Plaintiff, apparently an inmate incarcerated at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed a pro se civil rights complaint under 42 U.S.C. § 1983 raising political concerns related to the "Iraq war and war on terrorism" but failing to identify a legitimate cause of action. On January 22, 2007, this Court dismissed the complaint for failure to state a claim upon which relief will be granted, based on the incomprehensible nature of the complaint. On February 12, 2007, Plaintiff filed a motion for reconsideration of this Court's order (docket no. 6). While it is clear that Plaintiff takes issue with the Court's order, he does not clearly address the basis for his request for reconsideration. Instead, the motion includes further incomprehensible allegations regarding the election of the President and various matters before Congress.

　　　　Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Plaintiff has not sought leave of Court to move for reconsideration, nor met the standard set forth above in the allegations in his otion papers. As such, Plaintiff's motion is DENIED (docket no. 6).

IT IS SO ORDERED.

DATED: June 6, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GBEKE M. AWALA,

        Plaintiff,

  v.

CHIEF JUSTICE JOHN G. ROBERTS JR. et al,

        Defendant.

Case Number: CV07-00179 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gbeke Michael Awala
No 82074-054
Moshannon Valley Correctional Center
P.O. Box 2000
Philipsburg, PA 16866

Dated: June 6, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk